IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| STEVEN FOSNOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09-3240 |
| | ) | |
| MACOUPIN COUNTY SHERIFF'S | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Cullinan's Motion to Dismiss Count II of Plaintiff's Amended Complaint (d/e 27), Defendant HPL's Motion to Dismiss Plaintiff's Amended Complaint (d/e 33), and Plaintiff Steven Fosnock's Motion for Leave to File His Second Amended Complaint (d/e 31).  For the reasons set forth below, Cullinan's Motion to Dismiss Count II of Plaintiff's Amended Complaint is denied as moot, HPL's Motion to Dismiss is allowed in part and denied in part, and Fosnock's Motion for Leave to File His Second Amended Complaint is denied.

1

BACKGROUND

Plaintiff Steven Fosnock's two-count Amended Complaint (d/e 21) alleges 42 U.S.C. § 1983 claims (Count I) and negligence claims (Count II) against a variety of Defendants in connection with a heart attack that Fosnock suffered on September 21, 2008, while incarcerated in the Macoupin County, Illinois Jail. For purposes of this Motion, the Court must accept as true all well-pleaded factual allegations contained in the Amended Complaint and draw all inferences in the light most favorable to Plaintiff Fosnock. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). Thus, the following facts are taken from the allegations of the Amended Complaint.

Fosnock was arrested on September 17, 2008. At that time, Fosnock and his wife Christine advised "Macoupin County, Macoupin County Sheriff's Department, Macoupin County Sheriff Don Albrecht, Jail Superintendent Russell Alexander, Correctional Officer Joe Goodman, and Defendant Health Professionals Limited, by and through Nurse Jane Doe and Dr. Cullinan" that Fosnock "was suffering from a severe congestive heart condition that required constant monitoring, multiple medications

twice per day and a breathing (CPAP) machine with an oxygen concentration for breathing while sleeping, all of which had been prescribed by Plaintiff's treating physician." Amended Complaint, ¶ 10 (emphasis omitted). Christine Fosnock provided Defendants with all of Fosnock's medications at the time of his arrest, along with instructions for administering the medications and the CPAP machine.

Fosnock alleges that, from the time of his arrest on September 17, 2008, until September 21, 2008, Defendants "willfully and wantonly deprived Plaintiff of his required medications, including withholding Plaintiff's heart medication, and willfully and wantonly refused to allow Plaintiff to use the required CPAP machine." Amended Complaint, ¶ 12. According to Fosnock, "as a direct and proximate result of Defendants' willful and wanton conduct, Plaintiff suffered a severe heart attack on September 21, 2008 while in the custody and care of Defendants." Id., ¶ 13.

Fosnock filed his initial Complaint (d/e 1) in this matter on September 17, 2009. Under Illinois law, 735 ILCS 5/2-622(a), a plaintiff seeking damages for injuries resulting from medical malpractice must attach an Affidavit, falling into one of three specifically identified categories, to his

3

complaint.[1]  Fosnock's original Complaint did not contain a § 622 Affidavit. On November 12, 2009, Defendant Cullinan moved to dismiss Count II for failure to comply with § 622.  In response, Fosnock filed his Amended Complaint.  The Amended Complaint contained an Affidavit dated November 18, 2009, by Plaintiff's counsel Van-Lear Eckert.  Eckert averred that the statute of limitations expired in this matter on or about September 21, 2009.  Eckert further averred that he "was unable to obtain a report of a qualified physician in the format required by the applicable provisions of 735 ILCS 5/2-622 before the expiration of the statute of limitations." Amended Complaint, p. 12, Affidavit of Van-Lear Eckert, ¶ 4.  Eckert asserted that "[c]ertification and a written report will be filed within 90 days after the filing of this complaint."  Id., ¶ 5.

    Defendant Cullinan then filed his instant Motion to Dismiss, asserting that, to the extent Count II is directed at Defendant Cullinan, it should be dismissed for failure to comply with § 622. Defendant Health Professionals Limited (HPL) has also filed a Motion to Dismiss the Amended Complaint,

---

[1]Section 622 was amended by Public Act 94-677, effective August 25, 2005.  The Illinois Supreme Court recently held Public Act 94-677 unconstitutional in its entirety. Lebron v. Gottlieb Memorial Hosp., 2010 WL 375190, at *18 (Ill. Feb 04, 2010). Therefore, the Court applies § 622 as it read prior to amendment by Public Act 94-677. See 735 ILCS 5/2-622, Historical and Statutory Notes.

asking the Court to dismiss Count II, for failure to comply with § 622, and any claim against it in Count I that is based on a respondeat superior or vicarious liability theory. Also pending is Fosnock's Motion for Leave to File his Second Amended Complaint. According to Fosnock, the proffered Second Amended Complaint cures any alleged defects. The proffered Second Amended Complaint contains an Affidavit by Van-Lear Eckert, dated December 11, 2009 and a report by Lawrence Baraduci, M.D., dated December 8, 2009.

## ANALYSIS

The resolution of the pending Motions depends in large part on an application of 735 ILCS 5/2-622(a). As set forth in footnote 1, supra, after this suit was filed, the Illinois Supreme Court held unconstitutional Public Act 94-677, which amended § 622. In relevant part, the applicable version of § 622(a) requires an affidavit declaring one of the following:

> 1.    That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (I) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or demonstrated competence in the subject of the case; that the reviewing health professional has determined in a written report,

after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. If the affidavit is filed as to a defendant who is a physician licensed to treat human ailments without the use of drugs or medicines and without operative surgery, a dentist, a podiatrist, or a psychologist, the written report must be from a health professional licensed in the same profession, with the same class of license, as the defendant. For affidavits filed as to all other defendants, the written report must be from a physician licensed to practice medicine in all its branches. In either event, the affidavit must identify the profession of the reviewing health professional. A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit, but information which would identify the reviewing health professional may be deleted from the copy so attached.

2. That the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. If an affidavit is executed pursuant to this paragraph, the affidavit and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint. No additional 90-day extensions pursuant to this paragraph shall be granted, except where there has been a withdrawal of the plaintiff's counsel. The defendant shall be excused from answering or otherwise pleading until 30 days after being served with an affidavit and a report required by paragraph 1.

735 ILCS 5/2-622(a) in the Historical and Statutory Notes to P.A. 94-677,

Art. 3, § 330.  With these principles in mind, the Court turns its attention to the pending motions.

I.      DEFENDANT CULLINAN'S MOTION TO DISMISS

Defendant Cullinan asserts that, to the extent Count II is directed at him, it should be dismissed for failure to comply with § 622.  A review of the Amended Complaint reveals that Count II as pled is not directed at Defendant Cullinan.  Count II, a negligence claim, alleges only that Defendant Health Professionals Limited owed a duty to the Plaintiff.  Amended Complaint, ¶ 22.  Additionally, in his prayer for relief in Count II, Fosnock seeks judgment against only Defendant Health Professionals Limited.  Id., p. 11.  Therefore, because Count II as pled does not implicate Defendant Cullinan, Cullinan's request to dismiss Count II is denied as moot.

II.     DEFENDANT HPL'S MOTION TO DISMISS

Defendant Health Professionals Limited asks the Court to dismiss Count II for failure to comply with § 622 and any claim against it in Count I that is based on a respondeat superior or vicarious liability theory.  Dismissal is appropriate when a complaint fails to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint need not

7

contain detailed, specific factual allegations; however, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

The Court turns first to Count I, Fosnock's § 1983 claim. To state a claim for relief under § 1983, Fosnock must allege that he was deprived of a federal constitutional right by an individual or individuals acting under color of state law. See Jones v. Wilhelm, 425 F.3d 455, 465 (7th Cir. 2005). "[A] municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 691 (1978). The same holds true when the defendant-employer in a § 1983 action is a private corporation. Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009).

> However, like a municipality, a private corporation can be liable if the injury alleged is the result of a policy or practice, or liability can be demonstrated indirectly by showing a series of bad acts and inviting the court to infer from them that the policy-making level of government was bound to have noticed what was going on and by failing to do anything must have encouraged or at least condoned . . . the misconduct of

subordinate officers.

Id. (internal quotations and citations omitted). A corporate policy can be found to exist when an individual with final policymaking authority causes the injury in question. Johnson v. Dossey, 515 F.3d 778, 782 (7th Cir. 2008).

Health Professionals Limited asks the Court to dismiss any claim against it in Count I that is based on a respondeat superior or vicarious liability theory. Clearly, such claims are not viable as outlined above. Fosnock may not proceed under a respondeat superior or vicarious liability theory against Health Professionals Limited on Count I, and, to the extent he attempts to raise such claims, they are dismissed for failure to state a claim. However, the allegations of Count I go beyond vicarious liability. Fosnock alleges that Defendants' actions "were performed pursuant to custom, policy or practice formulated by Defendants, Macoupin County, Health Professionals Limited, Macoupin County Sheriff's Department and Macoupin County Sheriff Don Albrecht, under which Defendants regularly failed to provide adequate and necessary medical care and prisoner observation." Amended Complaint, ¶ 19 (emphasis omitted). Fosnock further asserts "Defendants, Macoupin County, Health Professionals

9

Limited, Macoupin County Sheriff's Department and Macoupin County Sheriff Don Albrecht, were aware of the history of its agents and/or employees failure to provide adequate and necessary medical care and prisoner observation to prisoners and detainees . . . ." Id., ¶ 20(a) (emphasis omitted). These allegations are sufficient, at this stage in the proceedings, to state a claim for direct liability under § 1983. Therefore, the Court will not dismiss Count I against Health Professionals Limited in its entirety.

Health Professionals Limited asserts that Count II should be dismissed for failure to comply with § 622. The requirements of § 622 are substantive requirements of Illinois law and, thus, are required in federal court. Robar v. Wexford Health Sources, Inc., 2007 WL 1673161, at *2 (C.D. Ill. June 06, 2007) (citing Sherrod v. Lingle, 223 F.3d 605, 613-14 (7th Cir. 2000)). In an attempt to comply with § 622(a)(2), Fosnock attached the Eckert Affidavit, dated November 18, 2009, to his Amended Complaint. Eckert avers that he was unable to obtain a physician's report prior to the expiration of the statute of limitations. Amended Complaint, p. 12, Affidavit of Van-Lear Eckert, ¶ 4. Eckert asserted that "[c]ertification and a written report will be filed within 90 days after the filing of this complaint." Id., ¶ 5.

By its plain language, Count II alleges a claim against one Defendant, Health Professionals Limited. Fosnock does not challenge Health Professionals Limited's assertion that the applicable statute of limitations for a medical negligence claim against Health Professionals Limited is two years. Thus, the assertion in the Eckert Affidavit, dated November 18, 2009, that the applicable statute of limitations expired on or about September 21, 2009, is inaccurate, given that the events in question are alleged to have occurred in September 2008. See Amended Complaint, ¶¶ 9-13 & p. 12, Affidavit of Van-Lear Eckert, ¶ 3. Additionally, the two-year statute of limitations would not have prevented Fosnock from obtaining a § 622 physician's report prior to November 18, 2009. See id., p. 12, Affidavit of Van-Lear Eckert, ¶ 4. Fosnock fails to meet the requirements of § 622(a)(2). Failure to comply with § 622(a) "shall be grounds for dismissal . . . ." 735 ILCS 5/2-622(g) in the Historical and Statutory Notes to P.A. 94-677, Art. 3, § 330. Therefore, Health Professionals Limited's motion to dismiss Count II is allowed.

Health Professionals Limited asks that Count II be dismissed with prejudice. "[T]he decision to dismiss with or without prejudice is left to the sound discretion of the court." Sherrod, 223 F.3d at 614. The Court notes

11

that the statute of limitations has not yet expired and Fosnock obtained a physician's report within ninety days of the time he initiated this lawsuit. See Motion for Leave to File his Second Amended Complaint, Ex. 1, Second Amended Complaint, p. 14.  Under these circumstances, the Court finds that Fosnock should be allowed to amend his complaint to comply with § 622.  See Sherrod, 223 F.3d at 614 ("when the certificate was filed but failed in some technical or minor respect, sound discretion also requires an opportunity to amend").  Therefore, Count II is dismissed without prejudice, with leave to amend.

III. MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Fosnock seeks leave to file an amended complaint.  He has presented the Court with a proposed Second Amended Complaint.  Motion for Leave to File his Second Amended Complaint, Ex. 1, Second Amended Complaint. At this point in the proceedings, Federal Rule of Civil Procedure 15(a)(2) requires Fosnock to obtain either Defendants' written consent or leave of Court to amend his Complaint.  Fosnock has not obtained Defendants' written consent, and Defendants Cullinan and Health Professionals Limited oppose the Motion for Leave to File Second Amended Complaint.  Rule

15(a)(2) directs that "[t]he court should freely give leave when justice so requires." However, leave to amend may be denied when the amendment would be futile. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

Fosnock asserts that the proffered Second Amended Complaint will cure any defect under § 622. It is clear that it will not. Count II of the proffered Second Amended Complaint alleges vicarious liability claims arising out of conduct of Nurse Jane Doe, as well as Dr. Cullinan. However, Dr. Baraduci's medical report addresses only Dr. Cullinan's conduct and is, therefore, insufficient as it relates to claims based on the conduct of Nurse Jane Doe. <u>See</u> <u>Motion for Leave to File his Second Amended Complaint</u>, Ex. 1, <u>Second Amended Complaint</u>, p. 14. Additionally, Count II of the proffered Second Amended Complaint incorporates by reference paragraphs 1 through 21. As a result of this incorporation, Count II contains allegations that Defendant Health Professionals Limited failed to provide adequate training to its agents and employees. <u>Id.</u>, Ex. 1, <u>Second Amended Complaint</u>, ¶¶ 20, 22. These allegations extend beyond mere derivative liability to arguably assert a separate act of negligence by Health Professionals Limited. To the extent Fosnock wishes to raise direct negligence claims against Health Professionals Limited, he should plead such

13

claims and comply with § 622 as it relates to those claims as well. See Comfort v. Wheaton Family Practice, 594 N.E.2d 381, 385 (Ill.App. 2nd Dist. 1992). Therefore, Fosnock's Motion for Leave to File Second Amended Complaint is denied because his proposed amendments would be futile. However, under the circumstances of the instant case, the Court deems it appropriate to allow Fosnock an additional opportunity to amend his complaint to comply with § 622. See Sherrod, 223 F.3d at 614. The Court grants Plaintiff leave to file an amended complaint on or before August 15, 2010.

## CONCLUSION

THEREFORE, for the reasons set forth above, Defendant Cullinan's Motion to Dismiss Count II of Plaintiff's Amended Complaint (d/e 27) is DENIED as MOOT, Defendant HPL's Motion to Dismiss Plaintiff's Amended Complaint (d/e 33) is ALLOWED, in part. Fosnock's Count I claims against Health Professionals Limited that are based on a respondeat superior or vicarious liability theory are dismissed. Count II of the Amended Complaint is dismissed without prejudice. HPL's Motion to Dismiss is denied in all other respects. Plaintiff Steven Fosnock's Motion for Leave to File his Second Amended Complaint (d/e 31) is DENIED.

Plaintiff is granted leave to file a third amended complaint on or before August 15, 2010.  The matter is referred to Magistrate Judge Cudmore for further scheduling.

IT IS THEREFORE SO ORDERED.

ENTER:   July 7, 2010

       FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                  UNITED STATES DISTRICT JUDGE